Bergan, J. (dissenting).
The- majority of the court seem to be holding by the italicized words of the memorandum “ but only to proceedings undetermined at the time of the transfer ” that, as to rent proceedings pending undetermined before the State rent agency when the 1962 statute transferred them to the city agency, the statutory criteria of 1961 and 1962 could be applied by the City Administrator.
If this is what the decision means the test is met exactly in the present case. Petitioners’ application was undetermined when the transfer of jurisdiction from State to city occurred in 1962. The former State agency had rejected petitioners’ application for an increase in rents based upon a purported purchase price of $492,000 and this was in the process of review by the court when by consent it was remitted back to the State Administrator to consider a new claim by the petitioners that the purchase price was $435,000 instead of $492,000.
It was while the application was in this posture, wholly undetermined, and based on a different claim of purchase price than that asserted by the petitioners in 1960, and with the only previous decision in the State administrative proceeding adverse to the petitioners, that the City Administrator on May 1, 1962 took over the rent proceeding pursuant to chapter 21 of the Laws of 1962.
Indeed, additional proof was adduced, disclosing for the first time detailed information concerning the 1960 purchase, which showed sharply inflationary activity in the transaction. Within a month, May 5 to June 7,1960, the property had been bid up in four successive sales from $435,000 to $492,000.
On the broader issue in the appeal there was no different basic “ law in effect ” at the time of the original protest than at the time of the City Administrator’s determination. One fundamental criteria of 1 ‘ value ’ ’ on which to determine the rent application was “ the current assessed valuation ” (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1], as amd. by L. 1959, ch. 695), except where there was a bona fide sale u on normal financing terms This is precisely the statutory test laid down in all successive statutes, including the local city law.
Guidelines were enacted in 1961 (L. 1961, ch. 337, amdg. Emergency Housing Bent Control Law, § 4, subd. 4, par. [a], cl. [1]) to help the State Rent Commission which said he “ shall give due consideration” to several items, including the total *517 outstanding mortgages compared with the equalized assessed value of the property. But in determining whether a purchase is on normal financing terms no one could doubt that in 1960 as well as 1962 any administrator could take into consideration the total mortgages in the background of the assessment without having been told to do so in guidelines.
The equalized assessed value of this property in 1960 was $319,148.94 and the current assessed value was $300,000. The petitioners’ acquisition was on the basis of mortgages of $388,344.64 which exceeded by over $60,000 the equalized assessed value and by $88,000 the current assessed value (the 1960 statutory base).
There were additional grounds for the rejection of the rent increase, but the ratio of the total mortgages to the assessed value was the main ground for affirmance at the Appellate Division. Not only is there no essential difference in the statutes operative when the 1960 application was made and when the 1962 decision was promulgated, but the court is imposing a rigidity of concept on the Administrator and freezing mere procedure into solid immobility which binds the hands of the Administrator in dealing with undue inflation in rents —a subject of grave public concern with which both the Legislature and the City of New York have attempted to deal by statutes which rest on basic fairness to the landlord and the tenant.
The order should be affirmed.
Judges Fuld, Van Voorhis, Burke and Scileppi concur in Memobandum ; Judge Bergan dissents and votes to affirm in an opinion in which Chief Judge Desmond and Judge Dye concur.
Order of the Appellate Division reversed and the determination of respondent City Rent Administrator annulled and the proceeding remitted to the Administrator for further proceedings in accordance with the memorandum herein, with costs in all courts.